## No. C-230

John W. Brady and Continental Trailways, Inc., a Delaware corporation v. The City and County of Denver, a municipal corporation

(508 P.2d 1254)

Decided April 9, 1973.                    Rehearing denied April 30, 1973.

Montgomery, Little & Young, J. Bayard Young, for petitioners.

Duane O. Littell, Lloyd K. Shinsato, Michael Heinz, for respondent.

MR. JUSTICE HODGES delivered the opinion of the Court.

We granted certiorari to review the holding in *Powell v.*

*Brady,* 30 Colo. App. 406, 496 P.2d 328 that tort-feasors seeking indemnity from a municipality as to secondary injuries caused by negligent care of an accident victim in a municipal hospital are subject to the ninety-day notice requirement of C.R.S. 1963, 139-35-1(1).

We agree with the conclusion reached by the Colorado Court of Appeals on the facts of this case and we therefore affirm its judgment.

This precise issue has not been the subject of any previous Colorado Supreme Court opinion. However, our primary reason for granting certiorari is to afford additional discussion and further analysis of the difference, as we perceive it, in the application of the notice statute as between a claim against a city by the injured party and a claim against a city by a tort-feasor seeking indemnity for secondary injuries as here. In other words, we believe that the Colorado Court of Appeals' opinion might reasonably be interpreted to mean that there is no difference in application of this notice statute as between these two types of claimants against a city. Such an interpretation would be improper.

James A. Powell brought an action against the petitioners for personal injuries he suffered as the result of an automobile-pedestrian collision occurring on a Denver street intersection. He was struck by a vehicle driven by petitioner Brady, an employee of petitioner Continental Trailways. Powell was taken to Denver General Hospital, an agency of the respondent City and County of Denver, where it was determined that his hip was broken. While a patient at Denver General Hospital from December 26, 1968 to May 8, 1969, he developed several severe decubiti ulcers, also sometimes described as bedsores. The treatment of one of these ulcers located on Powell's sacrum required several surgical operations and grafting procedures.

The automobile-pedestrian collision occurred on December 26, 1968. On April 23, 1969, Powell filed his complaint alleging negligence against the petitioners and demanded damages for the injuries resulting to him from this accident including "secondary infirmities suffered during continued

hospitalization."

In answers to interrogatories propounded by the petitioners. Powell stated in at least three of his answers that he was suffering from decubiti ulcers. These answers were received by the petitioners on or about September 4, 1969. As part of his answer to interrogatory No. 15, Powell stated "during my period of confinement in Denver General Hospital, I developed five decubitius (sic) ulcers which have required extensive surgical treatment, including attempted skin grafts."

By letter dated December 30, 1969, the petitioners notified the respondent City and County of Denver of their indemnity claim based upon the alleged negligence of hospital personnel in the care and treatment of Powell, which negligence allegedly caused the decubiti ulcers. The letter set forth that its purpose was to give notice to Denver pursuant to C.R.S. 1963, 139-5-1(1); however, it also pointed out that in the type of situation involved, the petitioners did not feel that compliance with this statute was required. At the same time, the City and County of Denver was served with a third-party complaint in which it was alleged, among other things, that the petitioners were entitled to indemnity from the City for any damages which might be awarded against the petitioners because of or on account of the decubiti ulcers developed on Powell's body while he was a patient at Denver General Hospital.

Respondent City and County of Denver's motion to dismiss this third-party complaint was granted by the trial court for the reason that the petitioners failed to comply with C.R.S. 1963, 139-35-1(1) which provides as follows:

"No action for the recovery of compensation for personal injury or death against any city of the first or second class or any town, on account of its negligence, shall be maintained unless written notice of the time, place and cause of injury is given to the clerk of the city, or recorder of the town, by the person injured, his agent or attorney, within ninety days and the action is commenced within two years from the occurrence of the accident causing the injury or death."

The thrust of petitioners argument before the Colorado Court of Appeals and here is that since an indemnity action is based on equitable principles and sounds in contract rather than tort, it is not subject to C.R.S. 1963, 139-35-1(1). The Colorado Court of Appeals' opinion properly rejected this contention on the basis of Colorado precedent and other respected authority.

██ Our view in an indemnity action situation such as here, is that this notice statute should not be applied in the same precise manner it is applied when an injured party is seeking damages against a municipality for alleged negligence. Obviously, it is proper to charge the injured party with knowledge of the time of the accident or the occurrence of his injury. But the alleged tort-feasor usually is unaware of any secondary injuries including aggravation of the initial injury at the time of occurrence. A period of time between the occurrence and the receipt of this knowledge of the alleged tort-feasor will invariably elapse in most cases of this nature. The running of the 90 days as provided in this notice statute should not begin until such time as the alleged tort-feasor receives knowledge of the occurrence of the secondary injury. To provide otherwise would impose an unfair burden, if not an impossible requirement, upon an alleged tort-feasor who later seeks indemnification as here. No provision of the law should be interpreted in a way which requires an impossible task. This maxim is well demonstrated in *Rosane v. Senger,* 112 Colo. 363, 149 P.2d 372 wherein ten years elapsed before the plaintiff discovered that the cause of her pain was a piece of gauze left in an incision made during the course of a surgical operation. It is therein held that her cause of action was not barred by a statute of limitations. *See also* for comparison *Wilson v. City and County of Denver,* 168 Colo. 43, 449 P.2d 822 which discusses this notice statute and describes its application in relation to the application of Denver's charter provision on notice.

██ Under the facts as shown from this record, it appears clear that the petitioners received knowledge of the existence

of decubiti ulcers on Powell no later than September 4, 1969, when Powell's answers to interrogatories detailed this fact. The petitioners did not serve notice on the City and County of Denver within 90 days after this date. Therefore, it was proper to dismiss the petitioners' third-party complaint against respondent City and County of Denver.

It is argued on behalf of petitioners that if the notice statute is deemed to be applicable in a case of this nature, then the 90-day period should not be triggered until a date in December 1969 when petitioners received certain photographs which depicted the decubiti ulcers on the body of Powell. It was argued that it was not until this date that it was learned the ulcers could not have occurred but for the respondent's negligence. This argument is totally unpersuasive especially in light of the fact that the answers to interrogatories received by the petitioners on or about September 4, 1969 clearly detailed the development of the decubiti ulcers.

Judgment affirmed.

MR. JUSTICE ERICKSON does not participate.