533 P.2d 937 (1975)
HOUSING AUTHORITY OF the TOWN OF LIMON, Plaintiff-Appellant,
v.
LEO A. DALY COMPANY et al., Defendants-Appellees.
No. 74-340.
Colorado Court of Appeals, Div. II.
January 28, 1975.
Rehearing Denied February 19, 1975.
Certiorari Denied April 21, 1975.
Frank Safranek, Limon, for plaintiff-appellant.
Ellison, de Marino & Knapp, William H. Knapp, Denver, for defendant-appellee Leo A. Daly Co.
Robert M. Isaac, Colorado Springs, for defendant-appellee Panhandle Testing Lab, Inc.
Decker & Miller, P. C., Dennis M. Miller, Weller, Friedrich, Hickisch & Hazlitt, W. Robert Ward, Denver, for defendants-appellees Len Builders, Inc., and Hartford Acc. and Indem. Co.
Selected for Official Publication.
ENOCH, Judge.
The Housing Authority of the town of Limon, plaintiff, appeals from a summary judgment granted in favor of the defendants. We affirm.
The Housing Authority filed its complaint July 18, 1972, to recover damages resulting from alleged improper soil testing, planning, and construction of a low-rent housing project at Limon, Colorado. Admissions in the pleadings, undisputed facts revealed by the pretrial discovery procedures, and unrebutted affidavits disclosed the following facts. Defendant Leo A. Daly Company was the architect for the project, defendant Panhandle Testing Lab, Inc., made the initial soil test prior to construction and defendant Len Builders, Inc., was the general contractor. Defendant Hartford Accident and Indemnity Company issued the contractor's performance bond. The project was substantially completed in October 1969. Plaintiff immediately observed the cracking of walls and warping of doors. The minutes of plaintiff's meetings in December 1969 and January 1970 disclose that plaintiff was then aware of the damages which were developing in the housing. It was originally thought by the parties that the damage was a result of the soil settling under the foundations and the floor slabs caused by inadequate compaction during construction. In February 1971 plaintiff employed another soil testing company which reported in *938 March of that year that the cause of the shifting and cracking was the swelling of the foundation soils rather than settling and that to remedy the situation would be expensive.
The defendants' motions for a summary judgment were granted on the basis that plaintiff's cause of action was barred as a matter of law by the two-year statute of limitations set forth in § 13-80-127, C.R.S. 1973 (1969 Perm.Supp., C.R.S.1963, 87-1-28(1)):
"All actions against any architect, contractor, engineer, or inspector, brought to recover damages for injury to person or property caused by the design, planning, supervision, inspection, construction, or observation of construction of any improvement to real property, shall be brought within two years after the claim for relief arises, and not thereafter...."
By agreement of counsel at oral argument the dispositive question on appeal is when the two-year period commenced to run. Defendants contend that the period began in December 1969 or January 1970, or at the latest in "early spring" 1970, and that the two years had therefore run prior to the filing date in July 1972. Plaintiff contends that the time did not commence until March 1971 when plaintiff obtained the independent report of the cause of the damages.
This particular statute of limitations has not heretofore been interpreted in Colorado. In cases involving damage to land resulting from seepage of water it has been held that the cause of action accrues at the time the land is first visibly affected by the seepage. Hankins v. Borland, 163 Colo. 575, 431 P.2d 1007; Middelkamp v. Bessemer Irrigating Co., 46 Colo. 102, 103 P. 280. It has also been held that it is not necessary for the final or ultimate damages to be known or predictable before the limitation period commences. What is required is that there be some damage which would entitle plaintiff to maintain a cause of action. See Dalton v. Dow Chemical Co., 280 Minn. 147, 158 N.W.2d 580; Chrischilles v. Griswold, 260 Iowa 453, 150 N.W.2d 94.
By December 1969 or January 1970 plaintiff was aware that it had a potential action for damages and was aware who the potential defendants would be. The fact that it was not until March 1971 that plaintiff knew the exact cause of the damage does not alter the significance of that earlier knowledge. Once plaintiff had determined the existence of the damage and the possibility that negligence was involved, the statute provided two years in which to make any necessary tests and to determine on what theory it would proceed against the defendants. Since the action was not brought within two years of January 1970, it is barred.
Judgment affirmed.
PIERCE and STERNBERG, JJ., concur.