## No. 27989

**Catherine Roberts v. City of Boulder, a Colorado municipal corporation, and the Board of Regents of the University of Colorado, a body corporate**

(589 P.2d 934)

Decided January 29, 1979.

Engdahl & Renzo, P.C., Anthony F. Renzo, for plaintiff-appellant.

Weller, Friedrich, Hickisch & Hazlitt, Geoffrey S. Race, for defendant-appellee the Board of Regents of the University of Colorado.

Yegge, Hall & Evans, David R. Brougham, for defendant-appellee the City of Boulder.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

■ This appeal was taken after motions to dismiss and for summary judgment were granted by the district court. The appellant was the

plaintiff in the district court and filed a complaint asserting a claim for negligence against both the City of Boulder and the Board of Regents of the University of Colorado. The plaintiff asserts that the negligence of the defendants was the proximate cause of the injuries which she suffered while riding a bicycle on a bicycle path which was owned, constructed, and maintained by the defendants.

Suit was filed nearly nine months after the injuries were incurred, and no notice was filed in compliance with the Colorado Governmental Immunity Act. Section 24-10-109, C.R.S. 1973. The plaintiff asserts that her failure to comply with the ninety-day notice provisions of the Colorado Governmental Immunity Act does not bar her prosecution of a claim for relief against the defendants, because the defendants purchased liability insurance and thereby waived the notice provisions of the statutes. Alternatively, she has asserted that the Colorado Governmental Immunity Act is unconstitutional.

The claims which are now before us have been fully addressed in *Fritz v. The Regents of the University of Colorado, et al.,* 196 Colo. 335, 586 P.2d 23 (1978); *Kristensen v. Jones,* 195 Colo. 122, 575 P.2d 854 (1978); and *Jones v. Kristensen,* 38 Colo. App. 513, 563 P.2d 959 (1977). Since the failure to file the written notice is a complete defense to any action brought by an injured party against those that fall within the Colorado Governmental Immunity Act, the district court properly granted the motions to dismiss and for summary judgment. *Antonopoulos v. Town of Telluride,* 187 Colo. 392, 532 P.2d 346 (1975).

Accordingly, we affirm the district court.

MR. JUSTICE CARRIGAN does not participate.