**Timothy B. CARROLL and Darrel Evans, Plaintiffs-Appellants,**

v.

**REGIONAL TRANSPORTATION DISTRICT, a Political Subdivision of the State of Colorado, Defendant-Appellee,**

**and**

**The Robinson Brick and Tile Company, a Colorado corporation, Defendant.**

**No. 81CA0041.**

Colorado Court of Appeals,
Div. II.

Sept. 3, 1981.

Rehearing Denied Oct. 1, 1981.

Certiorari Denied Dec. 28, 1981.

Robert C. Ozer, P.C., Robert C. Ozer, Conifer, for plaintiffs-appellants.

Alan E. Richman, Denver, for defendant-appellee.

VAN CISE, Judge.

Plaintiffs, Timothy B. Carroll and Darrel Evans, appeal a summary judgment entered against them on their claims against defendant Regional Transportation District (RTD), a public entity, for malicious prosecution, intentional infliction of emotional harm, and outrageous conduct. The claims against defendant Robinson Brick and Tile Company are not involved in this appeal. We affirm.

On October 8, 1979, plaintiffs were arrested by a security officer employed by RTD for allegedly stealing property from Robinson Brick and Tile Company located adjacent to RTD's facilities. That officer then filed a complaint with the Denver Police Department and the Denver District Attorney, which complaint resulted in plaintiffs' temporary incarceration and the filing of theft charges against them. On October 15, 1979, in a matter related to the arrest, RTD took disciplinary action against plaintiff Carroll. Plaintiffs were acquitted of the criminal charges on April 10, 1980. Summons and complaint in the instant action were served on RTD on July 22, 1980.

RTD moved for summary judgment based on plaintiffs' failure to comply with § 24–10–109, C.R.S. 1973 (1980 Cum. Supp.), the notice provision of the Colorado Governmental Immunity Act (the Act). The Act requires notice to be given to the public entity substantially in the form prescribed in the statute, "within one hundred eighty days after the date of the discovery of the injury." Plaintiffs provided notice to RTD on September 4, 1980. In granting RTD's summary judgment motion, the trial court found that plaintiffs knew of their alleged injuries on October 15, 1979, at the latest, and that, therefore, the statutory notice was not timely provided.

Plaintiffs assert that it was not until April 10, 1980, the date of their acquittal, that RTD completed its participation in the acts, omissions, and events complained of, and that the full extent of plaintiffs' injuries was not known until that date. Therefore, plaintiffs contend, the 180-day period did not begin running until April 10.

RTD maintains that the notice period commenced from the date plaintiffs were aware of the alleged injuries, October 15, 1979, at the latest. Having failed to provide the required notice within 180 days from that date, it contends that plaintiffs' claims are barred. We agree.

In their complaint, the only acts of RTD relied on by plaintiffs in support of their claims are (1) that the officer accosted them on the Robinson Brick premises on October 8, causing their arrest and overnight incarceration, (2) the officer filed charges on October 8 or 9, and (3) on October 15, RTD subjected plaintiff Carroll to disciplinary action. Therefore, the claimed intentional infliction of emotional harm (count two) and the alleged outrageous conduct (count three)—the injuries complained of—had occurred and plaintiffs knew they had occurred, by October 15.

 Successful termination of the criminal proceedings is a condition precedent to the right to recover in a malicious prosecution action. *Dodge v. Montrose Potato Growers Cooperative Ass'n*, 34 Colo. App. 223, 524 P.2d 1393 (1974). However, the actions of RTD—the injuries—had fully occurred long before. Since plaintiffs knew about the alleged injuries as soon as they occurred, and knew at that time that they had a potential action for damages, the 180-day period started running from October 15. *See Crownover v. Gleichman*, 194 Colo. 48, 574 P.2d 497 (1977). That, as claimed by plaintiffs, additional damages may have been incurred after October 15 does not change the dates of the injuries which gave rise to this claim for relief. *See Housing Authority v. Leo A. Daly Co.*, 35 Colo.App. 244, 533 P.2d 937 (1975).

Judgment affirmed

KELLY and TURSI, JJ., concur.