**Julia F. BILLINGS and Charles D. Billings, Plaintiffs-Appellants,**

v.

**Nancy Dale BOERCKER, Defendant-Appellee.**

No. 80CA0788.

Colorado Court of Appeals, Div. III.

March 4, 1982.

Rehearing Denied March 25, 1982.

Certiorari Denied July 12, 1982.

Mellman & Thorn, P. C., Gerald N. Mellman, Denver, for plaintiffs-appellants.

Hall & Evans, Richard A. Hanneman, Arthur R. Karstaedt III, Denver, for defendant-appellee.

KIRSHBAUM, Judge.

In this personal injury action, plaintiffs, Julia F. Billings and Charles D. Billings, appeal from a judgment entered on a jury verdict awarding them no damages. We affirm in part and reverse in part.

Julia Billings instituted this action for injuries allegedly sustained on January 20, 1979, in an intersection collision between her automobile and one driven by defendant, Nancy Dale Boercker. Julia's husband, Charles, sought damages against defendant for loss of consortium. At the close of all the evidence, the trial court directed a verdict in favor of the plaintiffs on their negligence claims. The issues of damages were submitted to the jury.

The evidence presented by the parties concerning the nature and extent of the injury Julia Billings allegedly incurred as a result of the automobile accident was in direct conflict. The trial court's instruction summarizing the parties' claims informed the jury that both plaintiffs claimed damages caused by defendant's negligence, that defendant denied such damage claims, and that the trial court had determined that defendant was negligent. The trial court then instructed the jury as follows:

"In view of this determination the only matters remaining for you to determine are:

1. Did the Plaintiff, Julia F. Billings, incur injuries, damages and losses caused by the negligence of the Defendant?

2. If so, what is the total amount of damages incurred by the Plaintiff Julia F. Billings and caused by the negligence of the Defendant?

3. Did the Plaintiff Charles Billings suffer a loss of consortium caused by the negligence of the Defendant?

4. If so, what is the total amount of damages incurred by the Plaintiff Charles Billings and caused by the negligence of the Defendant?

"The Court's determination that the Defendant was negligent should not influence you in determining the above issues."

A subsequent instruction stated as follows:

"One claiming damages for injuries has the duty to take such reasonable steps under the circumstances as will minimize those damages. Any damages resulting from a failure to take such reasonable steps cannot be awarded."

Plaintiffs objected to this instruction on the ground that it failed to explain that the burden of proof was on the defendant to establish any failure of Julia Billings to mitigate damages. The objection was overruled. On appeal, Julia Billings asserts that this instruction constituted error. We agree.

It is not disputed that an allegation of failure to mitigate damages constitutes an affirmative defense. *Comfort Homes, Inc. v. Peterson*, 37 Colo.App. 516, 549 P.2d 1087 (1976). The trial court here properly instructed the jury that the party asserting an affirmative defense assumes the burden of proving such defense by a preponderance of the evidence. *See Powell v. Brady*, 30 Colo.App. 406, 496 P.2d 328 (1972), *aff'd sub nom. Brady v. City and County of Denver*, 181 Colo. 218, 508 P.2d 1254 (1973). However, at no time was the jury instructed that the alleged failure to mitigate damages was an affirmative defense. Furthermore, the jury was instructed that the only position taken by the defendant with respect to damages was a general denial of plaintiffs' claims. To compound the problem, the summary of claims instruction, delineating the only issues which the jury could decide, did not refer to the issue of failure to mitigate damages.

In considering all of these instructions, as they were instructed to do, the jury reasonably could have reached the erroneous conclusion that Julia Billings had the burden of proving she had not failed to mitigate damages. Instructions which invite jury confusion are erroneous. *Daly v. Lininger*, 87 Colo. 401, 288 P. 633 (1930). As argued by plaintiffs at the time they objected to the mitigation of damages instruction, the error here could have been cured by the giving of a further instruction defining mitigation of damages as an affirmative defense. *See Colo.J.I.* 5:2 (2d ed. 1980) (Notes on Use). Because the instructions tended to mislead the jury with respect to the allocation of the burden of proof on this critical issue, we reverse the judgment insofar as it awards no damages to plaintiff Julia Billings.

■ Plaintiff Charles Billings contends that the jury's determination that defendant's negligence did not cause any damages to him is unwarranted. The evidence supports the jury's conclusion; hence, this argument is without merit.

The judgment is affirmed as to plaintiff Charles Billings. The judgment is reversed as to plaintiff Julia Billings, and the cause is remanded for new trial on her damage claims.

STERNBERG and TURSI, JJ., concur.