**Leigh Ann YOUNG, Plaintiff-Appellant,**

v.

**The STATE of Colorado, and the Colorado State Patrol, a Division of the Department of Highways, Defendants-Appellees.**

**No. 80CA0848.**

Colorado Court of Appeals,
Div. II.

Sept. 3, 1981.

Rehearing Denied Oct. 8, 1981.

Certiorari Granted March 8, 1982.

Rollie R. Rogers, Ted L. Hansen, Denver, for plaintiff-appellant.

Hall & Evans, David R. Brougham, Denver, for defendants-appellees.

TURSI, Judge.

Plaintiff appeals the granting of defendant's motion to dismiss for failure to comply with the notice provision of the Governmental Immunity Act. We reverse.

On October 9, 1977, the plaintiff had been issued a traffic citation for speeding by a state highway patrolman which directed her to appear in Douglas County Court on November 29, 1977. On November 28, 1977, she contacted the Douglas County Court and was informed that she need not appear since no such case was on file. Accordingly, she did not appear.

Unknown to plaintiff, the summons and complaint had been filed in the El Paso County Court by mistake. Plaintiff was arrested on March 1, 1978, on a warrant issued for failure to appear on the traffic summons in El Paso County.

Upon being released from jail on March 1, plaintiff was told to appear in El Paso County Court on March 17, 1978. On March 15, she called the clerk of that court who told her that she should appear in Douglas County. Later, that day, the clerk called and told her that the case was being dismissed and that she need not appear.

On March 17, 1978, plaintiff received a copy of the docket sheet from the El Paso County Court stating that the case had been dismissed because the case had been filed in the wrong county.

Plaintiff notified the State of her claim on June 13, 1978. Subsequently, she filed an action against defendants, alleging that the negligence of the first officer occasioned plaintiff's arrest. The trial court dismissed the complaint, finding that plaintiff had failed to give timely notice pursuant to § 24–10–109(1), C.R.S. 1973.

That applicable statute at that time stated:

"Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment shall file a written notice as provided in this section within ninety days after the date of the *discovery of the injury*. . . (2) The notice shall contain the following: (b) A concise statement of the *basis of the claim*, including the date, time, place, and circumstances of the act, omission, or event complained of . . . ." (emphasis added)

Plaintiff argues that the notice was timely in that the ninety-day period runs from March 17, the date plaintiff discovered the basis of her claim.

The critical issue is whether the phrase "discovery of the injury" implicitly encompasses the discovery of the basis of the claim. We hold that it does. Unlike the statute of limitation interpreted in *Crownover v. Gleichman*, 194 Colo. 48, 574 P.2d 497 (1977), here, the notice period runs from date of discovery of the injury rather than from the date of "the commission of the alleged negligence . . . ." We note further that in *Crownover*, the court did apply the "knew or should have known" rule to discovery of the negligence. The essence of the *Crownover* ruling is that once the underlying basis of the claim is discovered, or should have been discovered, the aggrieved party may not wait until all elements of the claim mature. *See Carroll v. RTD*, —— Colo.App. ——, 638 P.2d 816, announced this date.

In *Brady v. Denver*, 181 Colo. 218, 508 P.2d 1254 (1973), the court stated:

"No provision of the law should be interpreted in a way which requires an impossible task. This maxim is well demonstrated in *Rosane v. Senger*, 112 Colo. 363, 149 P.2d 372 (1944) wherein ten years elapsed before the plaintiff discovered that the cause of her pain was a piece of gauze left in an incision made during the course of a surgical operation. It is therein held that her cause of action was not barred by a statute of limitations."

Although this discovery rule is generally applied in malpractice cases, its adoption in notice to a governmental body situation is consistent with the legislative intent announced in § 24–10–102, C.R.S. 1973. Further, § 24–10–109(2)(b), C.R.S. 1973, requires that the notice contain a concise statement of the basis of the claim. Obviously, this cannot be done until knowledge of the cause of injury is received.

The test to be used by a trier of fact, in situations where the knowledge of the injury and the knowledge of the causal factors of the injury are not simultaneously perceivable, is when the injured party discovered, or in the exercise of reasonable diligence, should have discovered the injury and its basis as a claim. *See Owens v. Brochner*, 172 Colo. 525, 474 P.2d 603 (1970).

The judgment is reversed, and the cause is remanded to the district court with instructions to reinstate plaintiff's complaint.

PIERCE, J., concurs.

KELLY, J., dissents.

KELLY, Judge, dissenting.

I respectfully dissent.

The majority announces the rule that the fact-finder, in cases such as this, is to determine when the injured party discovered, or in the exercise of reasonable diligence, should have discovered the cause of the injury. I do not disagree with this rule. In my view, however, this is precisely what the fact-finder here did, and accordingly, we are not at liberty to reverse its ruling. *Gebhardt v. Gebhardt*, 198 Colo. 28, 595 P.2d 1048 (1979).

The majority states that it was not until the plaintiff was aware of the rationale behind her arrest that she knew the cause of her injuries or the basis of her claim. However, this analysis looks to the later-developed legal theories and not to the factual underpinnings of the case.

The fact is that the plaintiff knew of her alleged injuries when she was arrested, and knew at that time that she had a potential action for damages. *See Carroll v. RTD*, —— Colo.App. ——, 638 P.2d 816 (1981). As the trial court found, the basis of plaintiff's claim is the arrest. She seeks compensation for the emotional distress and physical discomfort resulting therefrom. These resulted from the arrest and not from the negligent misfiling of the traffic summons. The negligence itself, without more, caused the plaintiff no injury. Thus, the fact that the plaintiff chose to sue on a negligence theory is irrelevant to the issue of when the plaintiff had knowledge of the cause of her injury. *See Housing Authority v. Daly Co.*, 35 Colo.App. 244, 533 P.2d 937 (1975).

The majority cites *Crownover v. Gleichman*, 194 Colo. 48, 574 P.2d 497 (1977), *cert. denied* 435 U.S. 905, 98 S.Ct. 1450, 55 L.Ed.2d 495 (1978), for the proposition that the aggrieved party may not wait until all the elements of the claim mature, but must sue within the time prescribed by the applicable statute from the discovery of the basis of the claim. Here, however, contrary to *Crownover*, the majority is permitting the plaintiff to wait until she has developed her legal theories before allowing the notice period to start running.

It is my view, therefore, that the trial court properly applied the rule announced by the majority, and accordingly, I would affirm.