**The PEOPLE of the State of Colorado, Petitioner-Appellee, In the Interest of K.M.J., and E.C.J., Minor Children,**

**and concerning B.J., and C.A., Respondents-Appellants.**

No. 83CA1021.

Colorado Court of Appeals, Div. I.

Nov. 15, 1984.

Rehearing Denied Dec. 13, 1984.

Certiorari Denied April 22, 1985.

Stephen H. Kaplan, Denver City Atty., Robert Lubowitz, Denver, for petitioner-appellee.

Jeffrey K. Holmes, Denver, for respondents-appellants.

Susan Cornman, Guardian Ad Litem.

TURSI, Judge.

This is an appeal from a decree of the Denver County Juvenile Court terminating the parent-child legal relationship between respondents, B.J. and C.A., and their two minor children, K.M.J. and E.C.J. We affirm.

On February 21, 1979, the Denver Department of Social Services filed a petition alleging that K.M.J. and E.C.J. were dependent and neglected children. In a pretrial hearing held June 18, 1979, respondents entered an admission to an allegation in the petition that the children were homeless without proper care and were not domiciled with their parents. Respondents also waived their right to trial.

On August 28, 1979, the juvenile court held a dispositional hearing in which it made findings supporting the allegations in the petition. The court then approved a treatment plan supervised by the Department of Social Services whereby the children were placed in foster care, and the parents were allowed periodic visitation while they underwent parental training.

Numerous hearings reviewing the progress of the treatment plan were subsequently held. On September 8, 1980, the juvenile court adjudicated the children dependent and neglected and ordered the chil-

dren to remain in the custody of the Department of Social Services and in foster care.

The court continued to hold periodic hearings to review the progress of the treatment plan. During this period the People filed several motions to terminate the parent-child relationship. Eventually, on May 9, 1983, the court terminated the parent-child relationship and placed the legal custody and guardianship of the children in the Denver Department of Social Services.

Respondents contend that the juvenile court lacked jurisdiction to adjudicate the children dependent and neglected and to terminate the parent-child relationship because the court exceeded the one year statutory continuance period of § 19-3-106(3)(b), C.R.S. (1978 Repl.Vol. 8) for disposition on the petition after finding that the allegations of the petition were supported by a preponderance of evidence. We disagree.

The juvenile court has exclusive original jurisdiction in proceedings concerning any child who is neglected or dependent, and has the authority to terminate the legal parent-child relationship. Section 19-1-104(1)(c) & (e), C.R.S. (1978 Repl.Vol. 8). Once a petition has been filed alleging that a minor child is dependent and neglected pursuant to § 19-3-101(2), the juvenile court must hold an adjudicatory hearing pursuant to §§ 19-1-107 and 19-3-106, C.R.S. (1978 Repl.Vol. 8).

Section § 19-3-106(6)(a) provides:

"When the court finds that the allegations of the petition are supported ... by a preponderance of evidence in cases concerning neglected or dependent children ... the court shall sustain the petition and shall make an order of adjudication setting forth whether the child is ... neglected or dependent."

However, the court need not make its order of adjudication immediately after entering findings. Section § 19-3-106(3) provides:

"After making a finding as provided by subsection (6)(a) of this section but be-

fore making an adjudication, the court may continue the hearing from time to time ... if: ... (b) Such continuation shall extend no longer than six months without review by the court. Upon review the court may continue the case for an additional period not to exceed six months, after which the petition shall either be dismissed or sustained."

The record shows that at the August 28, 1979, adjudicatory hearing the trial court made findings consistent with the petition but did not enter an adjudication finding the minor children dependent and neglected. The court held review hearings within the six month period required by § 19–3–106(3)(b), and extended the hearings for a second six month period as allowed in the statute. The second six month continuance expired August 28, 1980, and the juvenile court entered its order adjudicating the children dependent and neglected on September 8, 1980.

■ Respondents argue that the last sentence of § 19–3–106(3)(b) requires the court to dismiss or sustain the petition within the second six month continuance period or else lose its jurisdiction. We disagree.

The statute specifically allows for a second six month continuance *"after which* the petition shall either be dismissed or sustained." (emphasis added) This language does not call for an automatic dismissal or affirmance of the petition at the end of the second six month continuance. Rather, an affirmative act of the court is required. The statute plainly allows the juvenile court a full second six months to continue hearings before the court is required to rule on the petition. What the statute does not allow is the court to continue hearings beyond the second six month continuance.

■ In case of a dispute as to the meaning of a statute the court should consider the results of the construction urged. *National Surety Co. v. Schafer,* 57 Colo. 56, 140 P. 199 (1914). No provision of the law should be interpreted in a way which requires an impossible task. *Brady v. City and County of Denver,* 181 Colo. 218, 508 P.2d 1254 (1973). Under respondents' interpretation, the juvenile court could not both continue the case for the full second six month period and rule on the petition after this period expires. Yet the statute plainly allows the court to do both. Therefore, the proper interpretation of § 19–3–106(3) is that, after the juvenile court finds that the allegations in the petition to adjudicate a child dependent and neglected are supported by a preponderance of the evidence, the court can hold hearings on the petition for a maximum of two six-month periods after which it can take no other action than either to dismiss or sustain the petition.

■ Here, the juvenile court held no further hearings on the matter after the second six-month continuance expired on August 28, 1980. The record shows that the State filed a motion on August 20, 1980, to enter judgment adjudicating the children dependent and neglected. This the court did on September 8, 1980. Therefore, we hold that the juvenile court was within its jurisdiction to adjudicate K.M.J. and E.C.J. dependent and neglected.

■ Further, in order for the court to terminate parental rights, it must have previously adjudicated the children dependent and neglected. Section 19–3–111(1) and (2), C.R.S. (1978 Repl.Vol. 8). Since the juvenile court acted within its jurisdiction in adjudicating the children dependent and neglected, the court also acted within its jurisdiction in terminating respondents' parental rights.

We find respondents' other contentions to be without merit. Accordingly, the decree of the juvenile court is affirmed.

PIERCE and VAN CISE, JJ., concur.