**Irene MADRID, Plaintiff-Appellant,**

v.

**SAFEWAY STORES, INC.,
Defendant-Appellee.**

**No. 83CA1253.**

Colorado Court of Appeals,
Div. II.

Oct. 3, 1985.

Fogel, Keating & Wagner, P.C., William L. Keating, Denver, for plaintiff-appellant.

Anstine & Hill, Arthur H. Anstine, Ty L. Foster, Denver, for defendant-appellee.

BABCOCK, Judge.

In this negligence action, plaintiff, Irene Madrid, sought damages for injury to her

right great toe arising out of a fall in front of a store owned and operated by defendant, Safeway Stores, Inc. The jury, by special verdict, found that Safeway was 90% negligent, Madrid was 10% negligent, and that the damages caused by the negligence of both parties totalled $10,000. This figure approximated Madrid's claimed medical expenses of $9,989.57.

On Madrid's motion to alter or amend the jury verdict, the trial court found that the jury did not follow its instruction given in the language of Restatement (Second) of Torts § 457 (1965). In making this finding, the trial court interpreted that Restatement provision as dictating that Safeway's negligence rendered it liable for all of Madrid's medical expenses including the cost of numerous surgical proceedings and medical services rendered after her initial treatment. Thus, because of the small difference between the amount of the medical expenses claimed and the amount of the jury verdict, the trial court concluded that the jury verdict was grossly inadequate. The trial court ordered additur to the damages award in the amount of $10,000, resulting in a net verdict for plaintiff of $18,000. Madrid appeals and we affirm.

■ Madrid claims that this award was insufficient as a matter of law. We conclude that the verdict was not grossly inadequate in this case and express no opinion whatsoever whether the trial court had authority to order additur. Because Safeway agreed to the additur and failed to cross-appeal from the trial court's order of additur, we have no jurisdiction to consider the issue on appeal. *Cf. City of Delta v. Thompson,* 37 Colo.App. 205, 548 P.2d 1292 (1975).

■ Restatement (Second) of Torts § 457 (1965) states:

"If the negligent actor is liable for another's bodily injury, he is also subject to liability for any additional bodily harm resulting from *normal efforts* of third persons in rendering aid which the other's injury *reasonably requires,* irrespective of whether such acts are done in a proper or a negligent manner." (emphasis added)

Although this provision makes an actor liable for any additional harm suffered by plaintiff as a result of the negligence of any person who renders aid, *see Union Supply Co. v. Pust,* 196 Colo. 162, 583 P.2d 276 (1978), whether such additional harm resulted from normal efforts which the original injury reasonably required is a question of fact. Also, even though evidence of *subsequent* malpractice may properly be excluded by the trial court, *see Powell v. Brady,* 30 Colo.App. 406, 496 P.2d 328 (1972), *aff'd, Brady v. City & County of Denver,* 181 Colo. 218, 508 P.2d 1254 (1973), the defendant may question whether the original treatment was reasonably required because of the actor's negligence. *See* Restatement (Second) of Torts § 457 comment e (1965).

Although Madrid's experts testified that the initial surgery was reasonably required, and was necessitated as a result of the injury to her toe sustained in the fall, the evidence on this issue was in conflict. Safeway produced testimony by four medical doctors that the original injury was minor and did not require surgery. One medical doctor testified that the cause of the condition for which Madrid received later surgery was the wearing of ill-fitting shoes rather than the fall, and that the bunion resulting from her pre-existing condition could not have been aggravated by the fall. A medical doctor, whom Madrid contacted at her own attorney's request in order to get a second opinion *prior* to the initial surgery, testified that he did not think that surgery was required, and could not understand what surgery her podiatrist was proposing.

The jury could have concluded from the conflicting evidence that the initial surgery was not reasonably required, and that subsequent surgeries were performed to correct problems brought about by the unnecessary initial surgery. Thus, consistent with the Restatement and the court's instruction relative thereto, the jury could have found that Safeway was responsible

only for medical expenses incurred prior to the initial surgery.

Furthermore, there was evidence that Madrid suffered from a pre-existing hallux valgus, an arthritic, or a bunion condition. The jury was instructed properly regarding the apportionment of damages for pre-existing conditions. *See CJI–Civ.2d* 6:8 (1980). From the testimony produced at trial, the jury could also have apportioned the damages as being mostly attributable to the pre-existing condition, rather than to any aggravation of it.

■ Therefore, it is apparent that the trial court, in finding that the verdict was inadequate, erroneously speculated that the verdict of $10,000 was for the actual medical expenses only. Even though the jury verdict closely approximated the actual medical expenses claimed by plaintiff, the verdict was not in the identical amount, or under the circumstances of this case, so close thereto as to permit the inescapable conclusion that the jury disregarded the court's instructions on damages. *Cf. Denton v. Navratil*, 170 Colo. 158, 459 P.2d 761 (1969); *Reynolds v. Farber*, 40 Colo.App. 467, 577 P.2d 318 (1978). Thus, a presumption arises that the jury took into account all elements of the claimed damages rather than one particular element. *Miller v. Subia*, 514 P.2d 79 (Colo.App.1973) (not selected for official publication).

The jury verdict was consistent with Safeway's theory of the case, and where, as here, there is evidence which amply supports it, the verdict should not be set aside. *Cottingham v. Star Bus Line*, 152 Colo. 188, 381 P.2d 25 (1963). Thus, the trial court erred when it substituted its opinion on disputed questions of fact for that of the jury. *See Cottingham v. Star Bus Line, supra; Guerrero v. Bailey*, 658 P.2d 278 (Colo.App.1982).

The judgment entered in favor of Madrid for $18,000 is affirmed.

KELLY and METZGER, JJ., concur.