**MOUNTAIN GRAVEL AND CONSTRUCTION COMPANY, a Colorado corporation, Plaintiff-Appellant,**

v.

**CITY OF CORTEZ, a Colorado municipal corporation, William Mollenkopf, Mayor Michael Rust, Helen McClellan, Bruce Clark, Billy Smart, Jerry Brunk, and Jerry Wiltgen, Defendants-Appellees.**

No. 84CA1317.

Colorado Court of Appeals, Div. I.

May 29, 1986.

E.M. Davis, Dolores, for plaintiff-appellant.

Dilts, Dyer, Fossum & Hatter, P.C., Clifford C. Fossum, Cortez, Shand, McLachlan & Malick, P.C., Michael E. McLachlan, Durango, for defendants-appellees.

PIERCE, Judge.

Plaintiff, Mountain Gravel and Construction Company (Mountain Gravel), appeals from a summary judgment entered in favor of defendants (City), and from dismissal of plaintiff's claim for damages. We affirm.

The city granted a building permit to Mountain Gravel in November of 1982, and Mountain Gravel began construction on a hot-mix plant. Subsequently, after a complaint was filed by homeowners from a residential area overlooking the plant, and after a hearing, the city revoked the building permit in March 1983. Mountain Gravel sought review of the revocation pursuant to C.R.C.P. 106(a)(4), and the district court affirmed the revocation in September 1983.

That affirmance was not appealed by Mountain Gravel. Instead, in February 1984, Mountain Gravel initiated a new proceeding in which it claimed that it had suffered a taking of property and, therefore, sought a permanent injunction against the city from revoking and interfering with the original building permit. It also sought an order requiring condemnation of its property by the city, and payment of damages consisting of sums expended for construction following the initial grant of the building permit.

The trial court granted summary judgment on two grounds: (1) that plaintiff had not given timely notice to the city, and (2) that the claim was barred under the doctrine of res judicata. In support of its application of res judicata, the trial court found that the subject matter, cause of action, parties, and the capacity of the parties in the present action were identical to those in the prior September 1983 action. It also concluded that Mountain Gravel's request for an injunction, and its contentions concerning inverse condemnation and the unconstitutionality of the city's actions should have also been litigated in that prior action.

## I. Notice of Injury

### A.

Although Mountain Gravel concedes that it knew of its injury in March 1983 when its building permit was revoked, it argues that the basis of that injury as a

claim did not occur until after judicial review took place in September 1983. We cannot agree with this reasoning.

Mountain Gravel is charged with the exercise of reasonable diligence, and therefore, it should have known the basis of its claim in March 1983. *See Young v. State*, 642 P.2d 18 (Colo.App.1981). A party "may not wait until *all* elements of the claim mature." *Young, supra* (emphasis added). Therefore, Mountain Gravel's notice of January 1984 did not comply with the 180–day requirement of § 24–10–109(1), C.R.S. (1982 Repl.Vol. 10).

### B.

Mountain Gravel next argues that failure to provide the statutory notice does not bar its recovery because the city waived that notice requirement by not affirmatively pleading it in the answer. We disagree.

■ It is arguable whether the notice requirement should be treated as an affirmative defense. *See Nowakowski v. District Court*, 664 P.2d 709 (Colo.1983); *cf. Jones v. Northeast Durango Water District*, 622 P.2d 92 (Colo.App.1980); *see also Lee v. Colorado Department of Health*, 718 P.2d 221 (Colo.1986). However, even if it is considered an affirmative defense, by its inclusion in the city's summary judgment motion it is deemed as being incorporated in the city's answer for the purpose of technical compliance with C.R.C.P. 8(c). *See Cox v. Pearl Investment Co.*, 168 Colo. 67, 450 P.2d 60 (1969); *see also Comstock v. Collier*, 694 P.2d 1282 (Colo.App.1984). Therefore, the city did not waive the notice requirement.

■ Furthermore, § 24–10–109(1), C.R.S. (1982 Repl.Vol. 10) imposes a burden on plaintiff affirmatively to give notice to the public entity. *See Roberts v. Boulder*, 197 Colo. 97, 589 P.2d 934 (1979). That statutory notice requirement is mandatory. *Fritz v. Regents of University of Colorado*, 196 Colo. 335, 586 P.2d 23 (1978). Thus, the statute does not place the burden on the governmental entity to plead the lack of notice as a defense. The purpose of the Act itself is to impose liability upon governmental entities for their actions, but

"*only* to such an extent and subject to such conditions as are provided by this article." Section 24–10–102, C.R.S. (1982 Repl.Vol. 10) (emphasis added). Such "conditions" include compliance with the notice requirement. Section 24–10–109(1), C.R.S. (1982 Repl.Vol. 10).

Accordingly, the failure to provide proper notice rendered Mountain Gravel's damages claim subject to dismissal pursuant to the city's motion for summary judgment. *See Kratzenstein v. Board of County Commissioners*, 674 P.2d 1009 (Colo.App. 1983); *see also Deason v. Lewis*, 706 P.2d 1283 (Colo.App.1985); *Dominguez v. Babcock*, 696 P.2d 338 (Colo.App.1984); *Miller v. Mountain Valley Ambulance Service, Inc.*, 694 P.2d 362 (Colo.App.1984).

Mountain Gravel's other claims for injunction and condemnation, are not barred by the late notice, but are barred by the doctrine of res judicata.

### II.   Res Judicata

Res judicata constitutes an absolute bar to an action when, in both the prior and subsequent suits, there are identity of subject matter, identity of the cause of action, identity of the parties to the action, and identity of capacity in the persons for which or against whom the claim is made. *Westminster v. Church*, 167 Colo. 1, 445 P.2d 52 (1968).

■ Here, the subject matter in both suits concerns the propriety and the result of the city's revocation of its building permit to Mountain Gravel. It is not disputed that the same parties were involved and their capacity was identical. At the crux of Mountain Gravel's complaints is the concept of being wronged by the city in that it first granted a building permit upon which Mountain Gravel relied, acted, and incurred costs, only to have the permit revoked four months later. It is based on these facts and asserted inequities that Mountain Gravel in the first suit sought reversal of the revocation and now, in the second suit, seeks injunction and inverse condemnation. Thus, the cause of action of each of the suits is in essence identical. The same evidence would sustain both. *See Westminster v. Church, supra.*

Mountain Gravel, however, argues that the equitable relief which it now seeks could not have been addressed via the prior certiorari review. We are not persuaded by this argument. Rather, we find that the revocation of a building permit is analogous to a rezoning as concerns review pursuant to C.R.C.P. 106(a)(4). *See Snyder v. Lakewood*, 189 Colo. 421, 542 P.2d 371 (1975). Similar to the situation in *Snyder*, Mountain Gravel seeks to accomplish with initiation of a new equitable action what it failed to accomplish directly under C.R.C.P. 106(a)(4). Mountain Gravel could have asserted all of its claims, including its claim of an unconstitutional taking by inverse condemnation, and for injunctive relief, within the time limit of C.R.C.P. 106. *See Norby v. Boulder*, 195 Colo. 231, 577 P.2d 277 (1978).

Accordingly, the trial court properly granted summary judgment in favor of the city.

The judgment is affirmed.

BERMAN and TURSI, JJ., concur.