Ralph S. ALLEN, III, n/k/a Samuel Ralph Allen, III, Plaintiff–Appellant,

v.

CITY OF AURORA, Defendant–Appellee.

No. 93CA1343.

Colorado Court of Appeals, Div. C.

June 16, 1994.

Rehearing Denied Aug. 11, 1994.

Certiorari Denied April 17, 1995.

Samuel Ralph Allen, III, pro se.

Charles H. Richardson, City Atty., Teresa Kinney, Asst. City Atty., Aurora, for defendant-appellee.

Opinion by Judge TURSI.*

Plaintiff, Ralph S. Allen, III, appeals the dismissal of his civil rights claim brought against defendant, the City of Aurora, under 42 U.S.C. § 1983 (1988). To the extent plaintiff's § 1983 claim is based on the tort of malicious prosecution, we reverse. To the extent his § 1983 claim is based on the claims of false arrest, false imprisonment, and outrageous conduct, we affirm.

Plaintiff was arrested on April 6, 1989, and again on April 27, 1989, and was charged with various misdemeanors stemming from incidents of domestic violence. Plaintiff was convicted of all but one of these offenses at a trial held on May 4, 1989.

On February 22, 1990, plaintiff's convictions were reversed on appeal to the district court, without prejudice for retrial, because plaintiff had not been advised with respect to his right not to testify. The district court also reviewed plaintiff's allegations of insufficient evidence to support the convictions and ineffective assistance of counsel. It ruled that there was sufficient evidence to support all but one of the convictions and that plaintiff's trial counsel had not been ineffective.

On July 19, 1990, the Aurora City Attorney voluntarily dismissed the remaining charges against the plaintiff. On July 19, 1992, plaintiff filed the complaint at issue here.

The trial court construed plaintiff's *pro se* complaint as alleging state law claims of outrageous conduct, false arrest, false imprisonment, malicious prosecution, and a civil rights action under 42 U.S.C. § 1983. Plaintiff alleged that Aurora police officers arrested him without probable cause, that he was improperly held in the city jail, that his trial was unfair, that the city prosecutor performed in an unprofessional manner, that the city's public defender was ineffective, and that the trial judge failed to assure that plaintiff's constitutional rights were protected.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1993 Cum.Supp.).

The trial court dismissed the civil rights claim, ruling that the § 1983 claim accrued when plaintiff knew or should have known of his alleged injuries and that plaintiff knew of his alleged injuries by the date of his trial on May 4, 1989, more than two years before the date of his complaint. This appeal followed.

## I. Malicious Prosecution
### A.

■ Plaintiff contends that, under § 1983, malicious prosecution claims do not accrue until the underlying criminal convictions are terminated in the plaintiff's favor. In essence, plaintiff argues that because favorable termination is a necessary element of a § 1983 malicious prosecution claim, he neither knew nor had reason to know of the injury that constituted the basis of the claim until such termination. We agree.

■ The parties do not dispute that actions under 42 U.S.C. § 1983 are governed by the state's two-year statute of limitations as set forth in § 13–80–102(1)(i), C.R.S. (1987 Repl.Vol. 6A). *See Stump v. Gates,* 777 F.Supp. 808 (D.Colo.1991); *Dawson v. Reider,* 872 P.2d 212 (Colo.1994). However, the determination of when § 1983 actions accrue is controlled by federal rather than state law. *Robinson v. Maruffi,* 895 F.2d 649 (10th Cir.1990). Thus, Colorado's rule, relied upon by defendant, that malicious prosecution claims accrue at the time of the allegedly wrongful arrest is not applicable here. *See Carroll v. Regional Transportation District,* 638 P.2d 816 (Colo.App.1981).

In *Robinson v. Maruffi, supra,* plaintiff alleged § 1983 claims based on conspiracy, false arrest, false imprisonment, and malicious prosecution. The court rejected a statute of limitations defense, ruling that the civil rights claim alleging elements of malicious prosecution did not accrue until plaintiff was ultimately acquitted of the criminal charges.

The *Robinson* court relied on federal appellate court authorities holding that, under federal law, malicious prosecution claims do not accrue until the underlying criminal proceedings are terminated in the plaintiff's favor. *See Venegas v. Wagner,* 704 F.2d 1144 (9th Cir.1983); *Singleton v. City of New York,* 632 F.2d 185 (2d Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981); *Rose v. Bartle,* 871 F.2d 331 (3rd Cir.1988); *McCune v. City of Grand Rapids,* 842 F.2d 903 (6th Cir.1988). Since *Robinson* was decided, the Fifth Circuit has adopted the same rule. *Brummet v. Camble,* 946 F.2d 1178 (5th Cir.1991), *cert. denied, sub nom., Campbell v. Brummett,* —— U.S. ——, 112 S.Ct. 2323, 119 L.Ed.2d 241 (1992).

These courts concluded that an essential element of the common law tort of malicious prosecution is proof that the prosecution was terminated in the plaintiff's favor and that a plaintiff is not required to file § 1983 claims before he even knows he has a cause of action, *i.e.,* before the prosecution has ended favorably to him. *See Brummet v. Camble, supra,* at 1183–84.

Thus, to the extent plaintiff's § 1983 claim is based on the common law claim of malicious prosecution, the trial court's dismissal based upon a statute of limitation defense was in error. Plaintiff's complaint was filed within two years of the dismissal of his criminal charges, and thus, it was not barred by the pertinent statute of limitations.

### B.

Defendant, however, argues that the underlying criminal charges were not dismissed favorably to plaintiff, and that, thus, dismissal was proper even if the trial court's basis therefor was in error. We conclude that the record does not permit resolution of this issue.

■ In order to maintain an action for malicious prosecution, the criminal prosecution must be disposed of in a way which indicates the innocence of the accused. *See* Restatement (Second) of Torts § 660 comment (a) and § 661 (19__); *Delany v. Gerdon,* 785 F.Supp. 1128 (E.D.N.Y.1992) (a dismissal in the interest of justice upon motion of the prosecution is not a favorable termination because it is not a determination on the merits).

■ Our review of the record confirms the trial court's conclusion that the reversal of defendant's convictions on February 22, 1990,

was not a favorable termination to him because the court expressly found sufficient evidence to support all but one of the charges.

Defendant further asserts the subsequent dismissal of the charges on July 19, 1990, was not a favorable termination to plaintiff because the charges were dismissed "in the interest of justice." Defendant points out that plaintiff was incarcerated in state prison at the time set for the retrial, and it was inconvenient and impractical to seek to have him moved from state prison for municipal court misdemeanors. If this was the basis for the dismissal, defendant correctly asserts that the requisite element of a "favorable termination" would not have been established in order to state a claim for malicious prosecution.

However, here, the record provided to this court is insufficient to determine the basis of the dismissal. The only evidence in the record concerning the dismissal is a letter to plaintiff from his counsel informing him that the charges against him had been dismissed. On this bare evidence, this court cannot determine, as a matter of law, whether the dismissal of defendant's underlying convictions represents a favorable termination for purposes of a malicious prosecution claim.

## II.

To the extent plaintiff's § 1983 claim is based on the torts of false arrest, false imprisonment, and outrageous conduct, the trial court's dismissal of the § 1983 claim was proper.

Claims under § 1983 arising out of police actions toward a criminal suspect, such as false arrest or false imprisonment, are presumed to have accrued when the actions actually occurred. *Johnson v. Johnson County Commission Board*, 925 F.2d 1299 (10th Cir.1991); *Singleton v. City of New York, supra; McCune v. City of Grand Rapids, supra.* The conduct and asserted injury in such claims are discrete and complete upon occurrence, and the cause of action can reasonably be deemed to have accrued when the wrongful acts occurred. *Venegas v. Wagner, supra.*

Here, plaintiff knew of the alleged injuries which formed the basis of his false arrest, false imprisonment, and outrageous conduct claims under § 1983 by May 4, 1989, the date of his trial, by which time the actions of the police, the prosecutor, public defender, and the judge had all occurred. Thus, to the extent that plaintiff's § 1983 claim is based on allegations of false arrest, false imprisonment, and outrageous conduct, the discovery rule operates to bar such claims because they were not brought within two years of trial.

The trial court's dismissal of the § 1983 claims of false arrest, false imprisonment, and outrageous conduct is affirmed. The dismissal of the § 1983 malicious prosecution claim is reversed, and the cause is remanded to the trial court for further proceedings on that claim.

STERNBERG, C.J., and VAN CISE, J., concur.