**Tammy MASTERS, Plaintiff–Appellee,**

v.

**John CASTRODALE and John Overpeck, Defendants–Appellants.**

**No. 04CA1278.**

Colorado Court of Appeals, Div. V.

Aug. 25, 2005.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2004.

Michael Kane, Evergreen, Colorado, for Plaintiff–Appellee.

Senter Goldfarb & Rice, L.L.C., Thomas S. Rice, Gillian Flener, Denver, Colorado, for Defendant–Appellant John Castrodale.

Berg Hill Greenleaf & Ruscitti, LLP, Josh A. Marks, Heidi C. Potter, Boulder, Colorado, for Defendant–Appellant John Overpeck.

DAVIDSON, Chief Judge.

Defendants, John Castrodale and John Overpeck, appeal from the trial court's order denying their motions seeking dismissal on governmental immunity grounds of the complaint brought by plaintiff, Tammy Masters. We reverse and remand with directions.

Plaintiff brought this action alleging that John Castrodale, a city police officer, and John Overpeck, a county deputy sheriff, subjected her to false arrest and false imprisonment, and that Castrodale engaged in malicious prosecution by filing four criminal cases against her.

The complaint alleges that plaintiff was arrested on May 16, 2003, imprisoned until

May 19, 2003, and released following her initial appearance on four criminal cases that were brought against her that day. The complaint further alleges that plaintiff knew at that time that her freedom of movement had been restricted. It also alleges that Castrodale continued to confine plaintiff by refusing or knowingly failing to admit that the charges against her were not supported by probable cause.

Defendants moved to dismiss the complaint for lack of subject matter jurisdiction under the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S.2004. Defendants asserted that plaintiff failed to provide a notice of claim within 180 days of the date of discovery of her injury as required by § 24–10–109, C.R.S.2004. Defendants argued that plaintiff was aware or in the exercise of reasonable diligence should have been aware at the time of her arrest and confinement that she had been injured by the wrongful acts of defendants.

In response, plaintiff argued that the earliest she knew or should have known of the basic and material facts underlying a potential civil action was on June 24, 2003, when her attorney on the criminal cases received discovery from the district attorney showing that she was not guilty of the offenses charged. Consequently, plaintiff asserted that her notice of claim, which she provided to defendants on December 5, 2003, was timely.

The trial court agreed with plaintiff, finding that the earliest date upon which she could have reasonably discovered the material facts was on June 24, 2003, when her counsel in the criminal case received a copy of the police report. Defendants then brought this interlocutory appeal pursuant to § 24–10–118(2.5), C.R.S.2004, contending that the trial court erred in determining that plaintiff's claims were not barred for failure to file a timely notice of claim. We agree with defendants.

■ Generally, whether a claimant has filed a timely notice of claim that satisfies the requirements of § 24–10–109(1) presents a mixed question of law and fact that must be resolved by the trial court before trial. *Peterson v. Arapahoe County Sheriff*, 72 P.3d 440, 443 (Colo.App.2003). In making this determination, the trial court must employ the C.R.C.P. 12(b)(1) standard, under which the plaintiff bears the "relatively lenient" burden of demonstrating that notice was properly given. *See Finnie v. Jefferson County Sch. Dist. R–1*, 79 P.3d 1253, 1261 (Colo.2003). If the facts relating to immunity are in dispute, the court must hold an evidentiary hearing. *See Corsentino v. Cordova*, 4 P.3d 1082 (Colo.2000). If there is no evidentiary dispute, the trial court may rule on the pleadings alone. *See Tidwell v. City & County of Denver*, 83 P.3d 75 (Colo.2003); *Trinity Broad. of Denver, Inc. v. City of Westminster*, 848 P.2d 916, 928 (Colo.1993).

Under the GIA, an injured person seeking damages from a public entity or employee must provide written notice of the claim within 180 days of discovery of the injury. Sections 24–10–109(1), 24–10–118(1)(a), C.R.S.2004. The failure to comply with the 180–day period is an absolute bar to suit. *Mesa County Valley Sch. Dist. No. 51 v. Kelsey*, 8 P.3d 1200 (Colo.2000).

■ For purposes of the GIA, it is immaterial whether the elements of a plaintiff's claim have ripened. To the contrary, the 180–day period is triggered as soon as a claimant has discovered that he or she has been wrongfully injured. "While, under tort law, the concept of accrual encompasses both the discovery of the injury *and* the discovery of the cause of that injury, the [GIA] notice period is triggered when a claimant has only discovered that he or she has been wrongfully injured." *Trinity Broad. of Denver, Inc. v. City of Westminster, supra*, 848 P.2d at 923 (citation omitted); *see Grossman v. City & County of Denver*, 878 P.2d 125 (Colo.App. 1994)(claim discovered when claimant knew or should have known that the injuries were caused by the tortious act of another).

■ Thus, although the successful termination of criminal proceedings generally is a condition precedent to recovery in a malicious prosecution action, *see, e.g., Dodge v. Montrose Potato Growers Coop. Ass'n*, 34 Colo.App. 223, 524 P.2d 1394 (1974), claims for malicious prosecution accrue for purposes of filing a notice under the GIA when claim-

ants are aware that allegedly improper charges have been filed against them. *Carroll v. Reg'l Transp. Dist.*, 638 P.2d 816 (Colo.App.1981).

In *Carroll, supra,* the plaintiffs were arrested by a security officer employed by RTD, which resulted in overnight incarceration and charges filed against them. The plaintiffs were acquitted and, as relevant here, subsequently brought suit for malicious prosecution and provided RTD with a notice of claim. A division of this court determined that the plaintiffs knew of their injuries from the alleged malicious prosecution at the latest when charges were filed against them by RTD. Thus, they were aware at that time that they had a potential action for damages. The court determined that the 180–day period for filing a notice of claim commenced on that date and that the plaintiffs' notice of claim was untimely.

Similarly, regardless of whether claimants know that they have a valid claim for relief for false arrest or false imprisonment at the time of arrest or imprisonment, when these events occur, they know or should know that they have suffered injuries as a result and therefore, that they have a potential claim for damages. The injuries from a false arrest or false imprisonment do not result from learning that the charges underlying the arrest and imprisonment were inadequate; the injuries are inherent in the acts themselves.

Accordingly, although no Colorado cases discuss the accrual of claims for false arrest and false imprisonment for purposes of filing a timely notice under the GIA, a division of this court held that claims brought under 42 U.S.C. § 1983 for false arrest and false imprisonment arising out of police action toward a criminal suspect are presumed to have accrued for statute of limitations purposes when the actions giving rise to the claims occurred. *Allen v. City of Aurora,* 892 P.2d 333, 336 (Colo.App.1994) (for such claims, both "[t]he conduct and asserted injury ... are discrete and complete upon occurrence, and the cause of action can reasonably be deemed to have accrued when the wrongful acts occurred"); *See Johnson v. Johnson County Commission Board,* 925 F.2d 1299 (10th Cir.1991) (Section 1983 claims accrue for purposes of statute of limitations when the plaintiff knows or has reason to know of the injury which is the basis of the action.).

■ Just as claims for false arrest and false imprisonment presumptively accrue for the purposes of a statute of limitations when the wrongful acts occur, we conclude that, necessarily, they presumptively accrue for purposes of filing a GIA notice of claim no later than those dates. *See Trinity Broad. of Denver, Inc. v. City of Westminster, supra,* 848 P.2d at 923; *Cf. Heron v. Strader,* 361 Md. 258, 761 A.2d 56 (2000)(for purposes of giving notice under Maryland's immunity statute, claim for false arrest and false imprisonment accrue on date of arrest).

■ Here, plaintiff knew on May 16, 2003 that she had been arrested in her own home during an arrest of another for his alleged violation of a restraining order under which plaintiff was the protected person. As of May 19, she also knew that criminal charges based on this arrest had been filed against her. Despite her possible ignorance of some of the surrounding details until she received discovery from the district attorney on June 24, 2003, these events would cause any reasonable person to know that she had a potential claim for damages for false arrest and false imprisonment at the time of her arrest, and of a potential claim for malicious prosecution on the date of the filing of the charges against her.

Consequently, plaintiff knew, or in the exercise of reasonable diligence should have known of her injuries from false arrest, false imprisonment, and malicious prosecution at the latest on May 19, 2003, the date she was released from jail and made her first appearance on the criminal charges. If plaintiff suffered injuries because of defendants' actions, those injuries occurred when the actions were taken, not later when she obtained additional information regarding defendants' reasons for having done so.

Therefore, because plaintiff discovered her injuries for purposes of filing a notice of claim under the GIA at the latest, on May 19, 2003, and the notice of claim was filed more than 180 days after that date, we conclude

that the trial court erred in not granting defendants' motions to dismiss the complaint.

In light of our determination, we need not address defendants' contention that the trial court erred in failing to hold an evidentiary hearing.

The order is reversed, and the case is remanded to the trial court with directions to dismiss plaintiff's complaint against defendants.

Judge ROY and Judge DAILEY concur.