John JOHNSON, Jr.,
Plaintiff–Appellant,

v.

JOHNSON COUNTY COMMISSION BOARD, Johnson County Jury Service and Selection Board, Defendants–Appellees.

John JOHNSON, Jr.,
Plaintiff–Appellant,

v.

CITY OF OVERLAND PARK, KANSAS, Overland Park City Commission Board & Commissioner, Overland Park City Commission Board Members & Commissioners, Defendants–Appellees.

Nos. 90–3284, 90–3285.

United States Court of Appeals,
Tenth Circuit.

Feb. 19, 1991.

**1300**

John Johnson, Jr., pro se.

Before LOGAN, MOORE, and BALDOCK, Circuit Judges.

LOGAN, Circuit Judge.

Plaintiff John Johnson, Jr. filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, against the Johnson County, Kansas, Commission and its "jury service and selection board," alleging that he was deprived of a fair trial due to systematic racial discrimination in the selection of jury members. He filed a similar action against the City of Overland Park, Kansas, its city commission board and members, alleging that he was deprived of his constitutional rights by Overland Park police during unlawful interrogations, searches and seizures, forceable entries, and an arrest. The district court dismissed both complaints as barred by the two-year statute of limitations covering "an injury to the rights of others" in Kansas. Kan.Stat.Ann. § 60–513(a)(4). The court also denied plaintiff's motions to proceed in forma pauperis on appeal, because it determined that plaintiff's appeals are legally frivolous. We agree with the district court and dismiss the appeals.[1]

■ The incidents on which plaintiff bases his claim against the City of Overland Park and those related defendants occurred in January 1988; plaintiff did not commence the action against them until August 22, 1990. The trial at which the Johnson County defendants allegedly discriminated in the jury selection system occurred in May 1988; plaintiff did not commence the action against them until July 12, 1990. The district court correctly relied upon this court's ruling in *Hamilton v. City of Over-*

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.

*land Park,* 730 F.2d 613 (10th Cir.1984) (en banc), *cert. denied,* 471 U.S. 1052, 105 S.Ct. 2111, 85 L.Ed.2d 476 (1985), that the appropriate statute of limitations for § 1983 actions arising in Kansas is two years, under Kan.Stat.Ann. § 60–513(a)(4). Plaintiff's reliance on *Sullivan v. LaMunyon,* 572 F.Supp. 753 (D.Kan.1983) (holding that three-year statute of limitations under Kan. Stat.Ann. § 60–512 is more appropriate for § 1983 action and requesting appellate court to clarify law), is improper, because *Hamilton* clearly settled the question after *Sullivan* and is therefore controlling.

 Plaintiff also contends in both cases that he was blamelessly ignorant of the existence or cause of his injuries and that the claims should not have accrued until he knew of his injuries. Section 1983 claims accrue, for the purpose of the statute of limitations, " 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.' " *Singleton v. City of New York,* 632 F.2d 185, 191 (2d Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981), (quoting *Bireline v. Seagondollar,* 567 F.2d 260, 263 (4th Cir.1977), *cert. denied* 444 U.S. 842, 100 S.Ct. 83, 62 L.Ed.2d 54 (1979)). Claims alleging denial of a fair trial are presumed to have accrued at the time the trial concludes. *See, e.g., Martin v. Merola,* 532 F.2d 191, 195 n. 7 (2d Cir.1976). Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur. *See, e.g., Singleton,* 632 F.2d at 191; *McCune v. City of Grand Rapids,* 842 F.2d 903, 906 (6th Cir.1988). Plaintiff presents no reason why he did not know at the time of his trial that potential jurors were improperly excluded from the jury or venire based on their race. Plaintiff presents no reason why he did not know of his other alleged injuries at the time of the arrest, interrogations, searches and seizures, and other activities, which allegedly caused them. Accordingly, the claims accrued in January 1988 and May 1988 and the suits were not brought in a timely manner. They are now barred by the statute of limitations.

We deny plaintiff's motion for leave to proceed without prepayment of costs or fees, and we dismiss the appeals, because there are no rational arguments on the law and facts which can support viable claims on the issues raised in the appeals. *See Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

The mandate shall issue forthwith.