**UNITED STATES of America, Plaintiff,**

v.

**Barry B. BROWN, Defendant.**

**Criminal Action No. 94–10064–01.**

United States District Court,
D. Kansas.

Dec. 10, 1997.

---

Barry B. Brown, Springfield, MO, pro se.

Kurt P. Kerns, Wichita, KS, Richard H. Seaton, Jr., Wichita, KS, for Barry B. Brown.

Ronald W. Paschal, District Attorney's Office, Wichita, KS, for Michael E. Hayden.

Michael E. Hayden, Waseca, MN, pro se.

G. Craig Robinson, Wichita, KS, for Arnold D. Haywood.

David M. Lind, Office of U.S. Attorney, Wichita, KS, for U.S.

*MEMORANDUM AND ORDER*

THEIS, District Judge.

This matter is before the court on the defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 240). The defendant's 2255 motion asserts the following errors: (1) ineffective assistance of counsel at trial and on direct appeal in failing to properly raise issues on a motion to suppress; (2) ineffective assistance of counsel at trial for counsel's failure to object to two allegedly erroneous jury instructions. *See* Doc. 241 (Memorandum in support of 2255 motion). Since it appears from the face of the motion and the case file that the defendant is not entitled to relief, the court shall deny the motion.

The defendant Barry B. Brown was charged along with codefendants Michael E. Hayden and Arnold D. Haywood in a three count indictment with: conspiracy to distribute crack cocaine, possession of a firearm during a drug trafficking crime, and possession of crack cocaine with intent to distribute. Following a jury trial, defendant Brown was convicted on all three counts. Subsequently, the court set aside the firearm conviction based on an intervening change in law. Represented by new retained counsel, Brown appealed his conviction. The Tenth Circuit affirmed in an unpublished order and judgment. Doc. 214. This timely motion under 28 U.S.C. § 2255 followed.

**1. Suppression Issues**

Defendant Brown asserts that both trial counsel and appellate counsel were ineffective in failing to research the facts and the law regarding the traffic stop of codefendant Arnold Haywood. Brown further alleges that his own fourth amendment rights were violated at his home.

This case began with a traffic stop of Arnold Haywood on September 20, 1993. Haywood had no drivers license or other identification with him, and offered to take Wichita police officers to his home at 633 North Harding to obtain his identification. Two officers followed Haywood to the residence, some four or five miles away from the site of the traffic stop. Haywood was unlocking the

front door with his key when Brown opened the door from inside. Officer Fettke asked for and received permission to enter the residence. Once inside the residence, Haywood stated that he needed to go into one of the bedrooms to obtain his identification. Officer Fettke followed Haywood into the bedroom out of officer safety concerns. Once in the bedroom, Officer Fettke observed a plastic bag containing suspected crack cocaine in plain view. Haywood and Brown were arrested, as was codefendant Hayden when he emerged from the bathroom of the residence. *See* Doc. 69 (Memorandum and order of September 12, 1995).

### A. Traffic stop of Haywood

■ Brown challenges the traffic stop and investigative detention of codefendant Arnold Haywood. Brown complains that the officers wrongfully allowed Haywood to operate a vehicle on the public streets without a license in his possession, in violation of the law and police department policy. The court finds that Brown lacks standing to raise this issue.

■ It is well established that fourth amendment rights are personal rights which may not be asserted vicariously. *See J.B. v. Washington County*, 127 F.3d 919, 928 (10th Cir.1997) (citing *Alderman v. United States*, 394 U.S. 165, 174, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969)). Whether evidence was obtained in violation of someone else's fourth amendment rights is therefore immaterial. *United States v. Marchant*, 55 F.3d 509, 513 (10th Cir.1995); *United States v. Betancur*, 24 F.3d 73, 76 (10th Cir.1994).

■ In deciding whether a defendant has standing, the court focuses on whether there has been a violation of the fourth amendment rights of the particular defendant who is seeking to exclude the evidence. *Betancur*, 24 F.3d at 76. It is proper to permit only those defendants whose fourth amendment rights have been violated to benefit from the protection of the exclusionary rule. *United States v. Moffett*, 84 F.3d 1291, 1293 (10th Cir.1996).

■ The stopping of a vehicle constitutes a seizure within the meaning of the fourth amendment. *United States v. Orrego–Fernandez*, 78 F.3d 1497, 1503 (10th Cir.1996). Arnold Haywood was seized by police when he was stopped for the traffic infraction and subjected to an investigative detention. However, Brown cannot complain if Haywood's fourth amendment right to be free from unreasonable seizure was violated. Only Arnold Haywood can object to his own seizure.[1] *See United States v. Lewis*, 24 F.3d 79, 82 (10th Cir.1994). Brown lacks standing to challenge Haywood's detention by police.

### B. Consent to enter home

■ Brown next contends that the officers entered into his home without consent or valid reason. Brown states that neither he nor Haywood, whom he characterizes as a temporary guest in Brown's home, gave consent to enter the home.

On direct appeal, the Tenth Circuit considered and rejected the defendant's arguments regarding whether consent had been given. The Tenth Circuit's order and judgment provides in relevant part:

Finally, Mr. Brown, joined by Mr. Hayden, contends while all of the initial items predicating his arrest were in plain view, he had not given his consent for Officer Fettke to enter the residence or the bedroom. The fruits of that initial illegal entry formed the basis of the subsequently issued search warrant, invalidating that as well. Therefore, all the evidence should have been suppressed.

Although the court listened to all the stories, but found that of Officer Fettke more credible, Mr. Brown ignores the finding. He now urges: "following Mr. Haywood to Barry Brown's house for I.D. was nothing more than a ruse in order to search and get inside Barry Brown's home without legal and proper authorization."

The district court credited Officer Fettke's testimony about his need to verify the suspect's identification to determine

---

1. Haywood did challenge the traffic stop and subsequent investigative detention in his motion to suppress. Following an evidentiary hearing, the court denied Haywood's motion. *See* Doc. 69.

whether there might be outstanding warrants or other violations of which they should know while investigating these specific traffic violations. Most importantly, it was undisputed **Mr. Haywood** suggested the officers follow him to North Harding Street! Once inside, Officer Fettke testified it was necessary to follow Mr. Haywood out of concern for the officer's safety.

The government asserts as proponents of the motion to suppress defendants failed to meet their burden of proof, citing *United States v. Moore*, 22 F.3d 241, 243 (10th Cir.1994). Further, no defendant contested the fact crack and cash were in plain view at the time the officers set foot in the house.

We judge the validity of a search warrant based on whether the totality of the circumstances in the affidavit would provide a neutral magistrate "a substantial basis for finding a fair probability that contraband or other evidence of a crime would be found." *United States v. McCarty*, 82 F.3d 943, 946 (10th Cir.1996) (citations omitted). While we review the court's factual findings to determine if they are clearly erroneous, the ultimate determination of reasonableness under the Fourth Amendment is produced only after de novo review. *United States v. Little*, 18 F.3d 1499, 1503 (10th Cir.1994) (en banc).

After such a review, we conclude defendants failed to meet their burden of proof here. *Rakas v. Illinois*, 439 U.S. 128, 130–31, n. 1, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). Defendants have not framed the reasonableness issue within the context of the misdemeanor traffic stop as the basis for the pursuit and entry. While pursuit of an individual who has committed a misdemeanor will not support a warrantless entry and search of a residence under all circumstances, we have not been asked by defendants to consider that issue.

The plain fact is defendants lived and associated with Mr. Haywood who mindlessly invited the police to follow him to their crack cocaine supermarket. They now want us to exonerate them by holding clearly erroneous the district court's find-

ing that Haywood consented to the entry. We decline the invitation.

Doc. 214, pp. 10–11 (emphasis in original).

A defendant may not raise issues under section 2255 that have been previously considered and disposed of on direct appeal, *see United States v. Warner*, 23 F.3d 287, 291 (10th Cir.1994); *United States v. Cook*, 997 F.2d 1312, 1318 n. 6 (10th Cir.1993), absent an intervening change in the law of the circuit. *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir.1989) (per curiam).

The consent issue was considered and disposed of on direct appeal. There was no ineffective assistance of counsel for failure to litigate this issue, as it was fully litigated.

**2. Jury Instruction Issues**

■ As his second and third grounds for relief, the defendant asserts his trial counsel was ineffective in failing to object to two allegedly erroneous jury instructions. Defendant argues that in two instructions the court erroneously instructed the jury on cocaine, when he was charged in the indictment with crack cocaine. Brown asserts that the court amended the indictment through the instructions given to the jury and that the jury may have been misled and convicted him of offenses not charged in the indictment.

The two jury instructions at issue read as follows:

INSTRUCTION NO. 4

Count I of the indictment in this case charges that from on or about a date unknown to the Grand Jury, to on or about September 20, 1993, the defendants Barry B. Brown, Michael E. Hayden, and Arnold D. Haywood, did knowingly, intentionally and unlawfully combine, conspire, confederate and agree together to distribute *cocaine base (crack)*, a Schedule II controlled substance, contrary to Title 21 U.S.C. Section 841(a)(1), and in violation of Title 21 U.S.C. Section 846.

Section 841(a)(1) of Title 21 U.S.C. provides that:

"It shall be unlawful for any person knowingly or intentionally . . . to distribute a controlled substance."

*Cocaine* is a Schedule II controlled substance within the meaning of the statute. Section 21 U.S.C. § 846 provides that any person who conspires with another person to commit the offense defined in Section 841(a)(1) of Title 21 U.S.C. shall be guilty of an offense against the United States. [The instruction continues with three pages discussing conspiracy.]

. . . .

INSTRUCTION NO. 8

Count III of the indictment charges the defendants did knowingly, intentionally and unlawfully possess with the intent to distribute, approximately 27 grams of *cocaine base (crack)*, a Schedule II controlled substance, in violation of Title 21, U.S.C. Section 841(a)(1) and Title 18 U.S.C. Section 2.

Title 21 U.S.C. Section 841(a)(1) provides in pertinent part that:

"It shall be unlawful for any person knowingly, intentionally and unlawfully

(1) to possess with the intent to distribute a controlled substance."

*Cocaine* is a controlled substance within the meaning of the law.

In order to establish the offense proscribed by this statute, the government must prove the following elements beyond a reasonable doubt:

1. The defendants possessed the controlled substance described in the indictment.

2. The defendants knew that the substance was *cocaine*, a controlled substance.

3. The defendants intended to distribute this controlled substance.

Doc. 96 (emphasis added).

■ A defendant will be procedurally barred from presenting any claim in a 2255 motion that he failed to present on direct appeal unless he can demonstrate cause for the procedural default and prejudice suffered thereby, or that the failure to hear the claim would result in a fundamental miscarriage of justice. *United States v. Wright*, 43 F.3d 491, 496 (10th Cir.1994). A defendant may establish cause for his procedural default by showing that he received ineffective assistance of counsel. *United States v. Cook*, 45 F.3d 388, 392 (10th Cir.1995).

To prevail on a claim of ineffective assistance of counsel, the defendant must establish both that (1) the attorney's conduct fell below the standards of objectively reasonable representation required by the Sixth Amendment, and (2) the attorney's inadequate performance prejudiced the defendant. *United States v. Dixon*, 1 F.3d 1080, 1083 (10th Cir.1993) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

■ A trial judge has extensive discretion in tailoring jury instructions, provided that they correctly state the law and fairly and adequately cover the issues presented. *United States v. Conway*, 73 F.3d 975, 980 (10th Cir.1995). On appeal, review is limited to whether the instructions as a whole sufficiently cover the issues presented by the evidence and constitute correct statements of the law. *United States v. Jaynes*, 75 F.3d 1493, 1504 (10th Cir.1996). The instructions need not be faultless in every particular. *Id.* The appropriate standard of review for challenges to jury instructions is whether the jury, considering the instructions as a whole, was misled. *United States v. Pappert*, 112 F.3d 1073, 1076 (10th Cir.1997).

In Instruction No. 4, the court referred once to "cocaine base (crack)" and once to "cocaine." In Instruction No. 8, the court referred once to "cocaine base (crack)" and twice to "cocaine." This was merely a scrivener's error. The instructions, while not perfect due to this omission, fairly stated the law governing the charges. Powder cocaine was not found in the defendant's residence, only crack cocaine. There was no possibility that the jury was misled by this minor error in the instructions.

■ There being no merit to the claim of error regarding the jury instructions, counsel's performance was not deficient for failure to object to the instructions. Failure to raise an issue that lacks merit does not constitute ineffective assistance of counsel. *Cook*, 45 F.3d at 393; *Dixon*, 1 F.3d at 1083 n. 5.

After a review of the file and careful consideration of the arguments presented, the court finds that the defendant has not made

a substantial showing of the denial of a constitutional right as is required for the issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). The defendant has failed to raise issues that are debatable among jurists, or that a court could resolve differently, or that deserve further proceedings. *United States v. Sistrunk,* 111 F.3d 91, 91 (10th Cir.1997). Accordingly, the certificate of appealability is denied.

**IT IS BY THE COURT THEREFORE ORDERED** that defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 240) is hereby denied.

**IT IS FURTHER ORDERED** that the certificate of appealability is denied.