**UNITED STATES of America, Plaintiff,**

v.

**Barry B. BROWN, Michael E. Hayden, Arnold D. Haywood, Defendants.**

No. 94–10064.

United States District Court,
D. Kansas.

Sept. 12, 1995.

Richard H. Seaton, Jr., Wichita, KS, for Barry B. Brown.

Ronald W. Paschal, Wichita, KS, Cyd K. Gilman, David J. Phillips, Office of Federal Public Defender, Wichita, KS, for Michael E. Hayden.

G. Craig Robinson, Wichita, KS, for Arnold D. Haywood.

David M. Lind, Office of United States Attorney, Wichita, KS, for U.S.

### MEMORANDUM AND ORDER

THEIS, District Judge.

The defendants are charged in a three count indictment with: conspiracy to distribute crack cocaine, possession of a firearm during a drug trafficking crime, and possession with intent to distribute crack cocaine. This matter is before the court on a variety of pretrial motions filed by the defendants. The court held a hearing on September 8, 1995 and announced several of its rulings from the bench. Trial is scheduled for September 19, 1995.

I. Discovery Motions

Defendant Arnold D. Haywood has filed: Motion for Disclosure of Prior Convictions and Bad Acts (Doc. 29), Motion for Bill of Particulars (Doc. 30), Motion to Compel Discovery (Doc. 32) (relating to identity of confidential informants), Motion for Brady and Rule 16 Evidence (Doc. 33), and Motion in Limine (Doc. 34) (regarding prior convictions and bad acts).

Defendant Barry B. Brown has joined in the motions filed by his codefendants. Doc. 44.

Defendant Michael E. Hayden has filed: Motion to Compel Discovery (Doc. 40) (relating to identity of confidential informants), Motion for Brady and Rule 16 Evidence (Doc. 41), Motion for Disclosure of Prior Convictions and Bad Acts (Doc. 42), and Motion in Limine (Doc. 43) (regarding prior convictions and bad acts).

Defense counsel indicated at the hearing that the government has provided the requested Brady and Rule 16 discovery. Further, the government has indicated that no confidential informants were used in this case. The discovery motions are moot.

Based on the disclosures at the hearing, the court ruled that a bill of particulars was unnecessary. That motion shall be denied.

The motions for disclosure of prior convictions and bad acts evidence are also moot. The government has provided the defendants with the other crimes evidence it intended to present at trial.

The government indicated its intent to present the following prior convictions as to defendant Brown: a 1976 conviction for possession of heroin and a 1983 conviction for sale of marijuana (offered under Rule 404(b)) and a 1977 conviction for petty larceny and a

1979 conviction for forgery (offered under Rule 609 if the defendant testifies). The government indicated its intent to present the following prior convictions as to defendant Hayden: a 1977 heroin conviction (offered under Rule 404(b)) and a 1973 conviction for fraudulent use of credit card and a 1982 petty theft conviction (offered under Rule 609 if the defendant testifies). The government indicated its intent to present the following prior convictions as to defendant Haywood: a 1985 conviction for forging and uttering a treasury note (offered under Rule 609 if the defendant testifies).

██ Prior to admitting evidence pursuant to Fed.R.Evid. 404(b), the court must determine that the proffered evidence:

(1) tends to establish intent, knowledge, motive, identity, or absence of mistake or accident;

(2) is so related to the charged offense that it serves to establish intent, knowledge, motive, identity, or absence of mistake or accident;

(3) has real probative value and not just possible worth;

(4) is close in time to the crime charged; and

(5) even if relevant, be excluded if the probative value is substantially outweighed by the danger of unfair prejudice.

*United States v. Robinson,* 978 F.2d 1554, 1559 (10th Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 1855, 123 L.Ed.2d 478 (1993).

██ The court indicated at the hearing that it would exclude the prior drug convictions from the government's case in chief. The government failed to articulate its purpose for which the convictions were offered, leaving the court to speculate which specific aspect of Rule 404(b) was involved. Such speculation on the part of the court would be error. *See Robinson,* 978 F.2d at 1559. Further, the defendants' drug convictions are too remote in time. Accordingly, as to the proffered Rule 404(b) evidence, the defendants' motions in limine shall be granted.

██ Under Fed.R.Evid. 609, the credibility of a witness may be attacked by evidence that he has been convicted of a misdemeanor involving dishonesty or false statement or of any felony. Fed.R.Evid. 609(a). If more than ten years has elapsed since the date of conviction or release from confinement (whichever is later), evidence of the conviction shall not be admitted unless the court determines that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. Fed.R.Evid. 609(b).

The defendants' motions in limine shall be granted in part and denied in part as follows. Brown's two drug convictions fall outside the ten year time period and shall not be admissible. Brown's petty larceny conviction does not involve dishonesty or false statement and shall not be admissible. Brown's 1979 forgery conviction may be admissible as discussed below.

██ Hayden's drug conviction falls outside the ten year time period and shall not be admissible. Hayden's petty theft conviction does not involve dishonesty or false statement and shall not be admissible. Hayden's 1973 fraud conviction may be admissible as discussed below.

The court cannot determine if Haywood's 1985 conviction for forging and uttering a treasury note falls within the ten year time period of Rule 609. The court was not provided with the exact date of conviction or the date of release from confinement, if any was imposed for that conviction. If that conviction is over ten years old, it shall not be admissible against Haywood.

██ If, however, Haywood's forgery conviction falls within the ten year time period of Rule 609, it would be admissible against him if he testifies. Such a result would be unfairly prejudicial to Haywood, since the other defendants do not have convictions falling within the ten year time period. Haywood, who has the shortest criminal record, would be the only one of the three defendants who could be impeached under Rule 609. Thus, the court believes that Brown's 1979 forgery conviction and Hayden's 1973 fraud conviction should be admissible if (and only if) Haywood's 1985 conviction falls within the ten year time period of Rule 609(b). The court acknowledges that these convic-

tions are dated, but finds them to have significant probative value relative to the credibility of the defendants.

## II. Motion for Continuance

Defendants Brown and Haywood have filed motions to continue the trial date, currently set for September 19. Doc. 57, 63. At the hearing, defendant Hayden joined in the requests for continuance.

The court denied these motions from the bench. The court notes that the offense behavior is alleged to have occurred in September 1993. The defendants were charged on June 2, 1994. However, it appears that defendant Haywood was not arrested until May 1995. Nevertheless, this case has been pending for some time and is in need of resolution.

## III. Motion to Suppress

Defendant Hayden moves to suppress all evidence resulting from the search on September 20-21, 1993 of the residence located at 633 North Harding, Wichita, Kansas. Doc. 38. Additionally, defendant Haywood challenges the traffic stop of his vehicle and his subsequent detention by the police officers. Doc. 45.

On September 20, 1993, Wichita Police Detective Terry Fettke and Officer Greg Gores were in uniform and on patrol in a marked Wichita Police Department "SCAT" unit. The officers observed a white over blue Buick Riviera parked illegally (left wheels to curb) facing west on 23rd Street North. The officers observed the Buick pull away from the curb without signaling and proceed west on 23rd Street. The officers then observed the Buick turn left onto Hydraulic without signaling. The vehicle proceeded south on Hydraulic and turned on 22nd Street North. The officers initiated a traffic stop the failure to use a turn signal. The vehicle was stopped at 22nd Street and Kansas.

The driver of the vehicle (defendant Haywood) stated that he did not have a drivers license or other identification. He gave his name as James Lewis and stated that he lived at 3706 Prospect, Kansas City, Missouri. The officers checked this name and address through the computer and found no one with that name. The officers indicated that they believed the driver had given them a false name. At this point, Haywood did not give his real name. The officers asked for and received permission to search the car. Inside the car the officers found documents bearing the names of Arnold Haywood, Barry Brown and Michael Hayden. When confronted with these names, the driver admitted that he was Arnold Haywood.

The officers then ran the name Arnold Haywood through the computer but got no response. The officers were suspicious that the name could be fictitious. Haywood indicated that he had no identification on his person. Haywood stated that he did have identification at his residence at 633 North Harding. Haywood stated that he would be willing to take the officers there to show them his identification.

Haywood was not free to go at this time. Detective Fettke and Officer Gores followed Haywood to the residence, some four or five miles away from the site of the traffic stop. The two officers accompanied Haywood to the front door. Haywood knocked on the door. Fettke asked Haywood if he had a key to the door. Haywood then got out his keys and started to unlock the door. At approximately the same time, defendant Barry Brown looked out the front window and then opened the door. Fettke asked Brown if it was his residence and if they could come in. Brown responded that it was his residence and that the officers could come in.

The officers entered the residence behind Haywood. Haywood told Brown that he had been stopped by the police and that he needed to get his identification. Haywood stated that he needed to go into the bedroom. Fettke testified that for his own safety he could not allow Haywood out of his sight. Therefore, Fettke went with Haywood to a bedroom in the southwest corner of the house. As Haywood was retrieving his identification from a pile of clothes in the southwest corner of the room, Fettke observed a stack of money and a plastic bag containing suspected crack cocaine in the southeast corner of that room, approximately eight to ten feet away. Fettke arrested Haywood. Two

other officers arrived at the residence as backup. Brown was also arrested. A search of Brown's person revealed a baggie of crack cocaine and over $1,000 cash.

One of the officers asked Brown if anyone else was in the residence. Brown stated that there was one other person in the residence. At that time, defendant Hayden came out of the bathroom, dressed only in his underwear. Hayden asked if he could get a pair of pants from his bedroom. Fettke stated that he would get them for Hayden. Hayden pointed toward the southwest bedroom. Fettke picked up one pair of pants which did not belong to Hayden. Hayden then pointed at a second pair of pants in that bedroom. Fettke retrieved those pants for Hayden. Hayden was then arrested.

Fettke walked through the residence to make sure no one else was in the house. Fettke observed other contraband in plain view. On the kitchen counter, Fettke observed an MCI telephone card in the name of Barry Brown with a white residue on it and a Pyrex beaker containing suspected crack cocaine. On the kitchen table, Fettke observed a box of Mega brand sandwich bags, a pair of scissors, the cut-off top of a sandwich bag, and a razor blade and suspected crack cocaine.

One of the officers searched the couch for weapons prior to allowing the defendants to sit down. The officer found a loaded Rohm .38 revolver (with the serial number filed off) under the couch cushions.

Brown, who stated that he was leasing the home, declined to consent to a search of the house. Detective Fettke left to take Hayden and Haywood into custody and to obtain a search warrant. Brown remained at the residence with two police officers.

After Fettke left with Hayden and Haywood, one of the pagers located inside the residence received an incoming call. One of the police officers still at the residence called the phone number displayed on the pager. Negotiations were conducted for the sale of crack cocaine. A person who arrived at the residence was arrested for attempting to purchase crack cocaine.

During the execution of the search warrant on September 21, 1993, officers found a set of triple beam scales in a closet. In the bedroom believed to have been occupied by Brown (the southeast bedroom), officers found a loaded magazine containing 380 hollow point bullets, other 38 caliber cartridges and some small ziplock baggies. In the kitchen, the officers found a baggie of crack cocaine in the refrigerator. In the mailbox, the officers found mail addressed to Hayden. In the living room, the officers found two pagers and a cellular phone. A battery and charger for the cellular phone were located in the southeast bedroom. The phone and at least one of the pagers were owned by Brown.

Fettke testified that Haywood's offense of driving without a license was a misdemeanor. Under Wichita Police Department policy, the officer has the discretion on how to handle such an offense. The officer could issue a citation and let the person go or could arrest the person. Fettke testified that he did not arrest Haywood immediately, since Haywood stated that he had identification at home.

Fettke testified that he did not know Haywood or recognize the car prior to the traffic stop. Fettke did recognize the name Barry Brown from prior complaints about narcotics trafficking during the 1991–1993 time frame. Fettke had heard of complaints about narcotics trafficking from 633 North Harding, but he did not know that Barry Brown resided at that address.

Haywood and Brown both testified and denied giving consent for the officers to enter the residence or to go into the bedroom. Haywood testified that he had been residing in Wichita for about eight weeks prior to the events at issue here. Haywood stated that he had recently taken a job as manager of B & H (Brown's and Hayden's business) and that he was staying with his bosses until he could get a place of his own. Haywood admitted that he gave the police a false name when he was first stopped. Haywood testified that he thought there was an outstanding warrant against him for driving without a license.

In his motion to suppress, defendant Hayden argues that the entry into the residence

on September 20, 1993 was not supported by consent from any of the individuals residing in the house. Hayden further asserts that the entry into the southwest bedroom was not supported by consent from either Haywood or Hayden. Hayden argues that the items were not in plain view as asserted by Fettke. Finally, Hayden asserts that the information used to obtain the warrant was unlawfully obtained and that the fruits of the search on September 21 were unlawfully obtained.

In his motion to suppress, defendant Haywood argues that the traffic stop was pretextual. Haywood asserts that his detention after the traffic stop was an investigative detention which requires reasonable suspicion. Haywood argues that there was no reason for the police to detain him longer than necessary to ascertain his name and issue a ticket for the traffic infraction. The consensual search of the vehicle did not give rise to any reasonable articulable suspicion of criminal activity.

■ The Tenth Circuit has held, "A pretextual stop occurs when an officer uses some legal justification to stop a person or vehicle in order to investigate unrelated criminal matters for which the officer lacks reasonable suspicion." *United States v. Fernandez,* 18 F.3d 874, 876 (10th Cir.1994); *see also United States v. Dirden,* 38 F.3d 1131, 1139 (10th Cir.1994). An officer conducting a routine traffic stop may detain a motorist long enough to obtain a driver's license and vehicle registration, run a computer check, and issue a citation. Continued detention is justified only if specific and articulable facts and rational inferences drawn from those facts give rise to a reasonable suspicion of criminal activity. *Fernandez,* 18 F.3d at 878.

■ When the police lack the reasonable suspicion necessary to support a stop, but use a minor violation to support a stop in order to search for evidence of an unrelated serious crime, the stop is pretextual. *United States v. Rivera,* 867 F.2d 1261, 1263 (10th Cir.1989). In *United States v. Guzman,* 864 F.2d 1512 (10th Cir.1988) the Tenth Circuit stated that:

A pretextual stop occurs when the police use a legal justification to make the stop in order to search a person or place, or to interrogate a person, for an unrelated serious crime for which they do not have the reasonable suspicion necessary to support a stop. The classic example ... occurs when an officer stops a driver for a minor traffic violation in order to investigate a hunch that the driver is engaged in illegal drug activity.

*Id.* at 1515. An objective analysis of the facts and circumstances of a pretextual stop is appropriate, rather than an inquiry into the officer's subjective intent: a court should ask "not whether the officer *could* validly have made the stop, but whether under the same circumstances a reasonable officer *would* have made the stop in the absence of the invalid purpose." *Id.* at 1517. A stop is not pretextual if the police routinely stop individuals who drive in the manner of the defendant. *See United States v. Rivera,* 867 F.2d at 1263–64.

■ The defendant bears the burden of proving that the basis asserted as a justification for the traffic stop was pretextual. *United States v. Maestas,* 2 F.3d 1485, 1491 (10th Cir.1993). An improper motive, by itself, does not render a stop pretextual. To prove that the stop was pretextual, a defendant must show that the stop would not have occurred in the absence of an impermissible motive. *Id.* at 1489.

■ Defendant Haywood argues that the stop of the automobile was pretextual. The court disagrees. It is not disputed that state law requires the use of a turn signal when turning an automobile from one street to another. Defendant Haywood did not deny that he failed to use a turn signal. The defendant did not present any evidence regarding the policy of the Wichita Police Department on stopping and ticketing vehicles for failure to signal a turn. The defendant did not present any evidence that such a traffic stop was out of the ordinary. The defendant failed to make any showing that the traffic stop would not have occurred absent the allegedly impermissible motive.

■ Defendant Haywood also argues that his encounter with the police was an investigative detention. An investigative detention need not be based on probable cause, only reasonable suspicion of criminal activity:

An investigative detention is justified where specific and articulable facts and rational inferences from those facts give rise to reasonable suspicion that a person has committed or is committing a crime.

*United States v. Espinosa*, 782 F.2d 888, 890 (10th Cir.1986).

■ Testimony was presented that for a misdemeanor offense such as driving without a license, the police officer has discretion in handling that offense. That person may be arrested or cited and released. Similarly, the court finds it an appropriate exercise of police discretion to attempt to ascertain the identity of the driver through an investigative detention short of formal arrest.

■ After giving one false name, Haywood gave a second name which the police were unable to verify through their computer. The defendant had no identification on his person. Fettke testified that he thought Arnold Haywood might be a false name. At that point, the officers could have arrested the defendant for driving without a license. Since the defendant did not produce a valid drivers license or proof that he was entitled to operate the car, *see Guzman*, 864 F.2d at 1519, he was subject to additional questioning by the police until he could be identified. The court finds that the officers had reasonable suspicion justifying an investigative detention based on the defendant's actions in giving of a false name, then giving a second name that could not be verified by computer, driving without a license and having no identification.

The defendants argue that there was no consent to enter the residence and no consent to enter the bedroom from which Haywood retrieved his identification. The court does not believe that consent is necessary, given that the officers had reasonable suspicion justifying their actions. The court finds, however, that consent was given.

■ Defendant Haywood lived in the residence at 633 North Harding. Haywood invited the officers to come to the house so that he could obtain his identification. Haywood allowed the officers to come in the house. Brown opened the door and by his actions consented to the entry into the home. Fettke testified he went into the bedroom with Haywood out of concern for safety, i.e., Haywood could have obtained a weapon from bedroom. There was no evidence presented to indicate that the contraband in the bedroom was not in plain view. Accordingly, the motions to suppress shall be denied.

## IV. Motion for Severance

Defendant Haywood has filed a motion for severance, Doc. 60. Defendant asserts he will be prejudiced by a trial with the other defendants. Haywood asserts that the government has much less evidence against him that it has against his codefendants. Haywood asserts that the codefendants were actually the residents of the house and that he was staying there only temporarily. Haywood also notes that the codefendants have prior drug convictions while he does not. The court notes here that the prior drug convictions of the codefendants are being excluded.

■ Rule 14 of the Federal Rules of Criminal Procedure leaves the determination of prejudice from joinder and any remedy that may be necessary to the sound discretion of the trial court. *Zafiro v. United States*, 506 U.S. 534, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). If prejudice may be remedied by proper instructions (e.g., to consider each defendant separately; that the government bears the burden of proving each defendant guilty of the offense charged), severance is not mandated. *Id.*

■ The decision to sever the trials of persons indicted together is addressed to the trial court's discretion. *United States v. Dill*, 693 F.2d 1012, 1015 (10th Cir.1982). The trial court must weigh any potential prejudice to a particular defendant caused by joinder against the important considerations of economy and expedition in judicial administration. *United States v. Esch*, 832 F.2d 531, 537 (10th Cir.1987), *cert. denied*, 485 U.S. 908, 108 S.Ct. 1084, 99 L.Ed.2d 242

(1988). These considerations are quite strong when the codefendants allegedly conspired with one another. *United States v. Mayes,* 917 F.2d 457, 461 (10th Cir.1990), *cert. denied,* 498 U.S. 1125, 111 S.Ct. 1087, 112 L.Ed.2d 1192 (1991). In conspiracy cases, the general rule is that persons indicted together should be tried together. *United States v. Rogers,* 921 F.2d 975, 984 (10th Cir.), *cert. denied,* 498 U.S. 839, 111 S.Ct. 113, 112 L.Ed.2d 83 (1990). The defendant bears a heavy burden of proving prejudice sufficient to warrant severance. *United States v. Huff,* 699 F.2d 1027, 1030 (10th Cir.), *cert. denied,* 461 U.S. 937, 103 S.Ct. 2107, 77 L.Ed.2d 312 (1983).

A claim that evidence against one defendant spills over, thus impairing another defendant's chance for acquittal, generally does not justify severance. *United States v. Williams,* 897 F.2d 1034, 1037 (10th Cir. 1990), *cert. denied,* 500 U.S. 937, 111 S.Ct. 2064, 114 L.Ed.2d 469 (1991). If certain evidence will be admissible only against one defendant, the court shall instruct the jury on how to consider that evidence. An admonition to the jury to consider certain evidence only against one defendant allows the jury to compartmentalize the evidence as to each of the defendants. *United States v. Pinto,* 838 F.2d 426, 434 (10th Cir.1988). There is a presumption that the jury follows the limiting instructions that are given to it. *United States v. Lane,* 883 F.2d 1484, 1498 (10th Cir.1989), *cert. denied,* 493 U.S. 1059, 110 S.Ct. 872, 107 L.Ed.2d 956 (1990).

The court concludes that the interest of judicial economy would be served by a joint trial. Accordingly, the court shall deny the motion to sever. Defendants will be afforded the opportunity to request any appropriate limiting instructions to cure whatever prejudice may occur from a joint trial.

**IT IS BY THE COURT THEREFORE ORDERED** that defendant Haywood's motion for disclosure of prior convictions and bad acts (Doc. 29) is moot.

**IT IS FURTHER ORDERED** that defendant Haywood's motion for bill of particulars (Doc. 30) is hereby denied.

**IT IS FURTHER ORDERED** that defendant Haywood's motion to compel discovery (Doc. 32) and motion for Brady and Rule 16 evidence (Doc. 33) are moot.

**IT IS FURTHER ORDERED** that defendant Haywood's motion in limine (Doc. 34) is hereby granted in part and denied in part.

**IT IS FURTHER ORDERED** that defendant Haywood's motion to compel discovery (Doc. 40), motion for Brady and Rule 16 evidence (Doc. 41), and motion for disclosure of prior convictions and bad acts (Doc. 42) are moot.

**IT IS FURTHER ORDERED** that defendant Hayden's motion in limine (Doc. 43) is hereby granted in part and denied in part.

**IT IS FURTHER ORDERED** that defendant Brown's motion to join motions filed by codefendants (Doc. 44) is hereby granted.

**IT IS FURTHER ORDERED** that defendant Brown's motion for continuance (Doc. 57) and defendant Haywood's motion for continuance (Doc. 63) are hereby denied.

**IT IS FURTHER ORDERED** that defendant Haywood's motion for severance (Doc. 60) is hereby denied.

**IT IS FURTHER ORDERED** that defendant Hayden's motion to suppress (Doc. 38) and defendant Haywood's motion to suppress (Doc. 45) are hereby denied.